W. Vixcext Grady, J.
The only articles in controversy at this time are a tractor and plow which were delivered to Mr. Crosby on trial and approval on November 7, 1960 which articles had an agreed price of $3,000. After the delivery of the tractor and plow to Mr. Crosby’s farm by the Lane Farm Supply, Inc., the tractor and plow were used for a period of 53 days, plowing and skidding logs covering land of approximately 60 acres (four fields) and were used approximately 110 hours.
It further appears that when a representative of the seller questioned Mr. Crosby about payment for the tractor and plow, the defendant stated that he did not have any money and that lie had a big deal pending and when that broke, he would be able to pay for the tractor and plow. He never stated that he rejected *646 the sale of the tractor and plow. The tractor was burned in a barn on the defendant’s property on January 1, 1961.
Section 100 of the Personal Property Law provides:
‘ ‘ 2. When goods are delivered to the buyer on approval or on trial or on satisfaction, or other similar terms, the property therein passes to the buyer —
“ (a) When he signifies his approval or acceptance to the seller or does any other act adopting the transaction;
“ (b) If he does not signify his approval or acceptance to the seller, but retains the goods without giving notice of rejection, then if a time has been fixed for the return of the goods, on the expiration of such time, and, if no time has been fixed, on the expiration of a reasonable time. What is a reasonable time is a question of fact.”
Certainly, on the evidence presented, the title to the tractor and plow passed to the defendant, as he did not reject the sale and used the articles longer than a reasonable time.
Judgment will be awarded the plaintiff accordingly in the amount of $3,000, plus interest from January 26, 1961.